# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| Plaintiff, | ) | Case No. 7:14CV00441 |
| v. | ) | **OPINION** |
| **UNITED STATES, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, a state inmate proceeding pro se, has filed a civil rights action, alleging that he seeks relief under 42 U.S.C. § 1983 and the Federal Tort Claims Act against federal and state officials who allegedly allowed improper testimony or interfered with evidence during the investigation of a prison assault. The plaintiff has not prepaid the necessary filing fee to proceed with this action, so I will presume that he wishes to apply to proceed in forma pauperis. Upon review of the record, I find that this lawsuit must be summarily dismissed under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's

inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed in forma pauperis only if he can show imminent danger of serious physical injury. § 1915(g).

Springer does not allege that any of the past evidentiary problems purportedly caused or allowed by state and federal officials have placed him in imminent danger of any future physical harm. He merely seeks monetary damages for the defendant officers' alleged past violations of his rights. Accordingly, I cannot find that Springer has shown imminent danger of physical harm as required under § 1915(g) so as to allow him to proceed by paying the filing fee through installments.

Because the records reflect that Springer has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith. The clerk will send a copy of that final Order and this Opinion to the plaintiff.

DATED: September 2, 2014

/s/ James P. Jones
United States District Judge